Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for plaintiff
United Financial Casualty Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United Financial Casualty Company,<br><br>Plaintiff,<br><br>v.<br><br>Safety Max Trucking, Inc.; Y & Z Forward Trucking, Inc.; Hubing Yu; and Shouchang Zhang;<br><br>Defendants. | Case No. 2:22-cv-7595<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff United Financial Casualty Company ("UFCC") alleges as follows:

## JURISDICTION

1. Jurisdiction exists under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391 because, for venue purposes, each defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this judicial district.

## PARTIES

3. UFCC is a corporation incorporated under the laws of Ohio. Its principal place of business is in Ohio.

4. Defendant Safety Max Trucking, Inc. is a corporation incorporated under the laws of California. Its principal place of business is in Solana Beach, California.

5. Defendant Y & Z Forward Trucking, Inc. is a corporation. Its principal place of business is in Alhambra, California.

6. Defendant Hubing Yu is a natural person. He is a citizen of California. He resides in California.

7. Defendant Shouchang Zhang is a natural person. He is a citizen of California. He resides in California.

## GENERAL ALLEGATIONS

8. UFCC is an insurance company. On August 22, 2021, UFCC insured Safety Max Trucking, Inc. under commercial auto insurance policy no. 01031332-2 (the "UFCC policy").

9. At the time, Safety Max Trucking, Inc. was a motor carrier engaged in interstate trucking activities and registered with the Federal Motor Carrier Safety Administration under Department of Transportation DOT no. 2279498. The UFCC policy was issued to meet the needs of this type of business.

10. At the time, Y & Z Forward Trucking, Inc. was also a motor carrier engaged in interstate trucking activities and registered with the Federal Motor Carrier Safety Administration under Department of Transportation DOT no. 3316478.

11. Under Part I – Liability to Others, the UFCC policy contained the following insuring agreement:

> **INSURING AGREEMENT - LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

12. The UFCC policy, under Part I – Liability to Others, contained the following exclusions:

> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> ...
>
> 3. **Worker's Compensation**
>    Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.
>
> ...
>
> 5. **Employee Indemnification and Employer's Liability**
>    **Bodily injury** to:
>    a. An **employee** of any **insured** arising out of or within the course of:
>       (i) That **employee's** employment by any **insured**; or
>       (ii) Performing duties related to the conduct of any **insured's** business; or
>    b. The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph a. above.
>
>    This exclusion applies:
>    a. Whether the **insured** may be liable as an employer or in any other capacity; and
>    b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> ...
>
> 6. **Fellow Employee**
>    **Bodily injury** to:
>    a. a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.

      b. the spouse, child, parent, brother, or sister of that fellow **employee** as a consequence of Paragraph a. above.

…

13. The UFCC policy contained the following definition of "employee" as used in the policy:

      5. "**Employee**" includes a … statutory employee. …

14. The UFCC policy was endorsed with an MCS-90 endorsement in compliance with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration. The endorsement stated:

> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMSCA).
>
> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their

>employment, or property transported by the insured, designated as cargo. ...

15. On August 22, 2021, Hubing Yu and Shouchang Zhang, as a tandem team of drivers, were operating a tractor-trailer combo owned, leased, rented, and/or operated by Safety Max Trucking, Inc. and Y & Z Forward Trucking, Inc. on an interstate drive to deliver cargo. Safety Max Trucking, Inc. and Y & Z Forward Trucking, Inc. hired Hubing Yu and Shouchang Zhang to operate the tractor-trailer combo. The trip began in New Jersey. The tandem drivers were driving the tractor-trailer combo to California. While operating the tractor-trailer combo in Arizona, the tandem team was involved in an accident. Hubing Yu claims he sustained injuries as a result of the accident.

16. Hubing Yu has notified UFCC that he is making a liability claim against Safety Max Trucking, Inc., Y & Z Forward Trucking, Inc., and Shouchang Zhang.

17. Under 49 C.F.R. 390.5, Hubing Yu and Shouchang Zhang Bin were employees of Safety Max Trucking, Inc. and Y & Z Forward Trucking, Inc. at the time of the accident, even if the two drivers and such companies agreed each driver was an independent contractor. The regulation states:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. ...

## FIRST CAUSE OF ACTION

*(Declaratory Relief on Duty to Indemnify – Against all Defendants)*

18. UFCC incorporates the allegations in paragraphs 1–17 as though fully set forth within this first cause of action.

19. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the UFCC policy to indemnify Safety Max Trucking, Inc., Y & Z Forward Trucking, Inc., or Shouchang Zhang against claims arising out of the August 22, 2021 accident, because the UFCC policy excludes coverage for employee and fellow employee injuries and Hubing Yu and Shouchang Zhang were employees of Safety Max Trucking, Inc. and Y & Z Forward Trucking, Inc. On the other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation.

20. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to indemnify Safety Max Trucking, Inc., Y & Z Forward Trucking, Inc., or Shouchang Zhang against claims arising out of the August 22, 2021 accident.

## SECOND CAUSE OF ACTION

*(Declaratory Relief on Duty to Defend – Against all Defendants)*

21. UFCC incorporates the allegations in paragraphs 1–17 as though fully set forth within this second cause of action.

22. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation

under the UFCC policy to defend Safety Max Trucking, Inc., Y & Z Forward Trucking, Inc., or Shouchang Zhang against claims arising out of the August 22, 2021 accident, because the UFCC policy excludes coverage for employee and fellow employee injuries and Hubing Yu and Shouchang Zhang were employees of Safety Max Trucking, Inc. and Y & Z Forward Trucking, Inc. On the other hand, UFCC is informed and believes and thereon alleges that each defendant contends that UFCC does have such an obligation.

23. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each defendant under the UFCC policy, specifically, for a declaration that UFCC has no obligation under the UFCC policy to defend Safety Max Trucking, Inc., Y & Z Forward Trucking, Inc., or Shouchang Zhang against claims arising out of the August 22, 2021 accident.

### THIRD CAUSE OF ACTION

*(Declaratory Relief on Duty to Pay for Legal Liability under MCS-90 Endorsement – Against all Defendants)*

24. UFCC incorporates the allegations in paragraphs 1–17 as though fully set forth within this third cause of action.

25. An actual controversy exists between UFCC and each defendant. On the one hand, UFCC contends it has no obligation under the MCS-90 endorsement to the UFCC policy to pay for claims arising out of the August 22, 2021 accident, because the endorsement does not apply to employee injuries and Hubing Yu was an employee of Safety Max Trucking, Inc. On the other hand, each defendant contends that UFCC does have such an obligation.

26. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of UFCC and each

defendant under the MCS-90 endorsement to the UFCC policy, specifically, for a declaration that UFCC has no obligation under the endorsement to pay for claims arising out of the August 22, 2021.

## PRAYER

Wherefore, UFCC prays for judgment as follows:

1. For a judicial declaration that UFCC has no obligation under the UFCC policy to indemnify Safety Max Trucking, Inc., Y & Z Forward Trucking, Inc., or Shouchang Zhang against claims arising out of the August 22, 2021 accident;

2. For a judicial declaration that UFCC has no obligation under the UFCC policy to defend Safety Max Trucking, Inc., Y & Z Forward Trucking, Inc., or Shouchang Zhang against claims arising out of the August 22, 2021 accident;

3. For a judicial declaration that UFCC has no obligation under the MCS-90 endorsement to the UFCC policy to pay for any claims arising out of the August 22, 2021 accident;

4. For costs of suit incurred herein; and

5. For such further relief the court deems just and proper.

October 18, 2022                PATRICK HOWE LAW, APC

                                By: */s/ Patrick M. Howe*
                                Patrick M. Howe
                                Attorney for plaintiff United
                                Financial Casualty Company

## DEMAND FOR TRIAL BY JURY

UFCC demands a jury trial on all issues in this action.

October 18, 2022

PATRICK HOWE LAW, APC

By: */s/ Patrick M. Howe*
Patrick M. Howe
Attorney for plaintiff United Financial Casualty Company